## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | :: | |
| | :: | |
| | :: | CRIMINAL INDICTMENT NO. |
| v. | :: | 1:18-CR-435-TWT-RGV |
| | :: | |
| | :: | |
| MEKA SILVANUS ADESINA, | :: | |
| *et al.* | :: | |

## MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

The original indictment in this case was returned on November 7, 2018, [Doc. 12],[1] and the first superseding indictment was returned on November 27, 2018, [Doc. 19], charging defendants Olatunji Azeez Ogunremi ("Ogunremi") and Meka Silvanus Adesina ("Adesina") with conspiring to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1349; mail fraud, in violation of 18 U.S.C. §§ 1341 and 2; wire fraud, in violation of 18 U.S.C. §§ 1341 and 2; and interstate transportation of stolen property, in violation of 18 U.S.C. §§ 2314 and 2.  Both defendants were released on bond with conditions following their arrests on

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

separate criminal complaints prior to being indicted.  See [Docs. 1 & 10].  Adesina was arraigned on the first superseding indictment on December 28, 2018, [Doc. 30], but Ogunremi twice has failed to appear for arraignment, [Docs. 16 & 26 (under seal)], and he has absconded from pretrial supervision and is a fugitive.

Adesina, represented by attorney Bruce Harvey ("Harvey"), filed several pretrial motions to suppress evidence and statements, [Docs. 37, 38, 39 & 40],[2] and the Court conducted an evidentiary hearing on two of the motions on May 30, 2019, [Docs. 53 & 56], and at the conclusion of the hearing, established a briefing schedule regarding all of the pending motions to suppress, [Doc. 56 at 228]. However, following the evidentiary hearing and prior to briefing of his pending motions, Adesina failed to appear at a hearing to show cause why his pretrial release should not be revoked based on alleged violations of state law while on release, [Doc. 55 at 2], and a bench warrant was issued for his arrest, [Doc. 60].

---

[2] Adesina also filed a motion for a bill of particulars, [Doc. 36], that was addressed at the pretrial conference, [Doc. 41], but he failed to perfect the motion within the time allowed by the Court, see [Doc. 47], and the parties subsequently agreed that the motion was moot, [Doc. 56 at 4].

Harvey subsequently filed  a "Motion to Withdraw as Counsel of Record."  [Doc. 61].

On September 20, 2019, the Court entered an order requiring Adesina and his counsel to appear on September 26, 2019, [Doc. 62], for a hearing on the motion to withdraw as counsel and for Adesina to show cause why his pending motions should not be denied pursuant to the fugitive disentitlement doctrine, see United States v. Shalhoub, 855 F.3d 1255, 1261-62 (11th Cir. 2017); United States v. Itriago, No. 13-20050-CR-ZLOCH/HUNT, 2019 WL 1232128, at *2 (S.D. Fla. Feb. 8, 2019), adopted by 2019 WL 1228000, at *1 (S.D. Fla. Mar. 15, 2019).  The Order was mailed to Adesina at his last known address, [Docket entry dated 09/23/2019], and Harvey was ordered to send a copy to Adesina by electronic means and U.S. mail, [Doc. 62 at 2].  Harvey appeared for the hearing on September 26, 2019, but Adesina did not.  [Doc. 63].  Harvey confirmed that he complied with the Court's order by emailing a copy of the order to the email address his office had for Adesina and by sending a copy of the order to him by U.S. mail.  Harvey's office received a communication from the email address in response, but he had no information regarding Adesina's whereabouts.  The Court granted Harvey's unopposed motion to withdraw.  [Doc. 63].

3

The Eleventh Circuit has long recognized that "district courts may sanction or enter judgment against parties on the basis of their fugitive status." Magluta v. Samples, 162 F.3d 662, 664 (11th Cir. 1998) (citation omitted).  The fugitive disentitlement doctrine is an equitable remedy that "provides federal courts with the discretion to limit access by fugitives to the United States' courts." United States v. Nabepanha, 200 F.R.D. 480, 483 (S.D. Fla. 2001) (citations omitted).  It applies where "(1) the movant is in fact a fugitive from justice; (2) his fugitive status has a connection to the criminal action; and (3) dismissal is necessary to effectuate the concerns underlying the fugitive disentitlement doctrine." Itriago, 2019 WL 1232128 at *2 (citation omitted); United States v. The Pub. Warehousing Co. K.S.C., No. 1:09-CR-490-TWT, 2011 WL 1126333, at *3 (N.D. Ga. Mar. 28, 2011). The Eleventh Circuit has explained:

> The rationales for this doctrine include the difficulty of enforcement against one not willing to subject himself to the court's authority, the inequity of allowing that "fugitive" to use the resources of the courts only if the outcome is an aid to him, the need to avoid prejudice to the nonfugitive party, and the discouragement of flights from justice.

United States v. Barnette, 129 F.3d 1179, 1183 (11th Cir. 1997) (citations omitted).

Because Adesina is a fugitive from justice, and his fugitive status is connected to

4

this criminal action, dismissal of his unbriefed pending motions is necessary to effectuate the purposes of the fugitive disentitlement doctrine.

"A fugitive from justice has been defined as '[a] person who, having committed a crime, flees from [the] jurisdiction of [the] court where [a] crime was committed or departs from his usual place of abode and conceals himself within the district.'" Barnette, 129 F.3d at 1183 (alterations in original) (quoting Empire Blue Cross and Blue Shield v. Finkelstein, 111 F.3d 278, 281 (2d Cir.1997) (citing *Black's Law Dictionary* 604 (5th ed. 1979)).  According to the Eleventh Circuit, "[a] fugitive is someone who has been offered process and refuses it," Shalhoub, 855 F.3d at 1264, and in this case, Adesina clearly is a fugitive because he has been offered process to address the charges and evidence against him as well as his alleged violations of the conditions of his pretrial release, and to be heard regarding his counsel's motion to withdraw and the status of his pending motions to suppress, but he has refused to appear, and consequently, he has effectively abandoned the opportunity to have his motions heard on their merits in his absence.  His fugitive status clearly is connected to this criminal action as Adesina was released on bond in this case with conditions which he has allegedly violated by committing new criminal conduct, [Doc. 55], and when ordered to appear and

show cause why his pretrial release should not be revoked, he failed to appear, [Doc. 60]. He likewise failed to appear for a hearing on the motion of his counsel to withdraw and to show cause why the fugitive disentitlement doctrine should not be applied to his pending motions. [Doc. 63].

The concerns underlying the fugitive disentitlement doctrine will be furthered by denying the pending motions without reaching their merits since Adesina has absconded from the jurisdiction of this Court and is "attempting to obtain the benefit of a favorable ruling from this Court without risking the burdens that may flow from an adverse decision." United States v. McCain, No. 2:08-CR-156-WKW, 2009 WL 531916, at * (M.D. Ala. Mar. 3, 2009), adopted at *1 (internal marks and citations omitted). "[I]f [Adesina] wants to have the merits of his [motions to suppress evidence and statements] addressed, he should submit to the jurisdiction of the court." United States v. Grajales-Lemos, No. 94-621-CR, 2012 WL 1405712, at *2 (S.D. Fla. Mar. 27, 2012), adopted by 2012 WL 1409678, at *1 (S.D. Fla. April 23, 2012). Accordingly, it is **RECOMMENDED** that Adesina's pending motions to suppress evidence and statements, [Docs. 37, 38, 39 & 40], be **DENIED WITHOUT PREJUDICE** pursuant to the fugitive disentitlement doctrine.

6

There are no other motions pending before the undersigned Magistrate Judge, and the period of delay from August 28, 2019, when Adesina failed to appear for the hearing to show cause why his pretrial release should not be revoked, until further order of this Court shall be excluded pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(3)(A) and (B), because the Court finds that both defendants' whereabouts are unknown, as it appears they are attempting to avoid apprehension and prosecution, and their whereabouts cannot be determined by due diligence.

**IT IS SO ORDERED** and **RECOMMENDED**, this 1st day of October, 2019.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE